# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANNETTE WILSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MERRILLVILLE COMMUNITY )<br>SCHOOL CORPORATION, )<br>    Defendant. ) | CAUSE NO.: 2:17-CV-360-RL-JEM |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to Amend Complaint [DE 20], filed by Plaintiff on January 9, 2018. Defendant filed a response on January 17, 2018, and on January 24, 2018, Plaintiff filed a reply.

## I. Background

On August 8, 2017, Plaintiff filed her initial Complaint, including claims for employment discrimination pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, and the Age Discrimination in Employment Act. On November 17, 2017, Defendant filed a motion for partial judgment on the pleadings. Plaintiff has not responded to that motion, and the deadline to do so expired on January 2, 2018. Similarly, the deadline for filing a motion for leave to amend pleadings was to be filed on or before January 5, 2018. Plaintiff filed the instant Motion on January 9, 2018, seeking to eliminate or modify some of the counts challenged in the motion for judgment on the pleadings. Plaintiff did not request an extension of the deadlines, but argues that her failure to timely file the instant Motion was due to a calendaring error. The Court does not find that Plaintiff's failure to file a timely – or any – request for extension was due to excusable neglect. *See* Fed. R. Civ. P. (6)(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . before the original time or its extension expires[] or on motion

made after the time has expired if the party failed to act because of excusable neglect."). However, in the interests of efficiency, and noting that the motion is fully briefed, the Court will address the merits of Plaintiff's motion.

## II. Analysis

Plaintiff seeks to remove several counts from here Complaint and to amend Counts IV and V, both of which were challenged by Defendant in its motion for judgment on the pleadings. Defendant argues that the proposed amendments are futile so the request should be denied.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *see also Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

### I. Count IV

First, Defendant argues that Plaintiff's Count IV for constructive discharge is insufficient because Plaintiff failed to comply with the notice requirements of the Indiana Tort Claims Act (ITCA), Ind. Code § 34-13-3-1 *et seq*. The ITCA bars claims against a political subdivision, including a school corporation, unless a notice is filed with "(1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8(a); *Meury v. Eagle-Union Cmty. Sch. Corp.*, 714 N.E.2d 233, 241 (Ind. Ct. App. 1999) ("Claims against school corporations and their employees are subject to the Indiana Tort Claims Act (ITCA) notice of claims provisions.") (listing cases). The notice must inform the municipality of the person's intent to make a claim and contain information sufficient to reasonably afford the political subdivision an opportunity to promptly investigate, determine liability, and prepare a defense to the claim. *Irwin Mortgage Corp. v. Marion Cnty Treasurer*, 827 N.E.2d 34, 36 (Ind. Ct. App. 2005).

Plaintiff's claim for constructive discharge sounds in tort, *see, e.g., Harris v. Brewer*, 49 N.E.3d 632, 640 (Ind. Ct. App. 2015), so she was required to comply with the ITCA notice requirements. Plaintiff's proposed amended complaint contains no mention of a notice of claims, but that does not necessarily mean that Plaintiff's claim fails; non-compliance with the tort claim notice requirement "has been excused in certain cases based on the theories of substantial compliance, waiver, and estoppel." *Daugherty v. Dearborn Cnty*, 827 N.E.2d 34, 36 (Ind. Ct. App. 2005). Defendant has raised the issue, so the burden shifts to Plaintiff to demonstrate that she has complied or that her non-compliance is excusable. *See, e.g., Weaver v. Elkhart Cmty. Sch. Corp.*, – N.E. 3d –, No. 20A03-1707-PL-1702, 2018 WL 844943, at *3 (Ind. Ct. App. Feb. 14, 2018). That determination will be made in the context of the pending motion for judgment on the pleadings,

rather than on a motion to amend complaint. Accordingly, Plaintiff's proposed amendment is not futile as to this claim, and the amendment will be permitted.

II. Count V

Defendant also argues that Plaintiff's proposed Count V fails to state a claim for liability of the school for a constitutional violation under 42 U.S.C. § 1983 or for violation of due process based on an alleged liberty interest in her reputation.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To establish the liability of a municipality for the constitutional deprivation, a plaintiff must demonstrate: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006)). "In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (citing *City of Canton,* 489 U.S. at 389; *Arlotta v. Bradley Center*, 349 F.3d 517, 521-22 (7th Cir. 2003); *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002)). "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient" to survive a motion to dismiss. *Sivard v. Pulaski County*, 17 F.3d

4

185, 188 (7th Cir. Ind. 1994) (citing *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 202 (7th Cir. 1985)).

In this case, Plaintiff alleges that Defendant had policies, practices, and customs of "treating Plaintiff differently" and "terminating Plaintiff." There is no allegation of actual municipal policy or practice that caused any constitutional injury to Plaintiff. Plaintiff's proposed § 1983 claim against the municipality would be futile.

Plaintiff also seeks to include in Count V a claim for impairment to her liberty interest for terminating her and "impugn[ing] her good name, reputation, honor, and integrity" by "ma[king] statements about her . . . that wrongfully characterized her [as] an employee who should be fired." ¶ 84. Defendant argues that her proposed amendment is futile because it fails to state a claim for due process violations based on liberty interest.

As the Seventh Circuit Court of Appeals has repeatedly emphasized, "It is well-settled that an individual has no cognizable liberty interest in his reputation; consequently, when a state actor makes allegations that merely damage a person's reputation, no federally protected liberty interest has been implicated . . . even when it causes serious impairment of one's future employment." *Dupuy v. Samuels*, 397 F.3d 493, 503 (7th Cir. 2005) (quotations omitted); *see also, e.g., O'Gorman v. City of Chicago*, 777 F.3d 885, 891 (7th Cir. 2015); *Mann v. Vogel*, 707 F. 3d 872, 878 (7th Cir. 2013). There is no cognizable due process claim unless there is an "'alteration of legal status,' such as governmental deprivation of a right previously held, 'which, combined with the injury resulting from the defamation, justif[ies] the invocation of procedural safeguards.'" *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 617 (7th Cir. 2002) (quoting *Paul v. Davis*, 424 U.S. 693, 708–09 (1976). Accordingly, only when "the state actor casts doubt on the individual's reputation or

5

character in such a manner that it becomes virtually impossible for that person to find employment in his chosen field, [has] the government has infringed upon that individual's liberty interest to pursue the occupation of h[er] choice." *O'Gorman*, 777 F.3d at 891.

In this case, Plaintiff has not included any allegations about her ability to find employment, nor has she alleged that her legal status has been altered other than by the alleged damage to her reputation. Accordingly, her proposed claim for impairment to her liberty interest is futile.

### III. Conclusion

Because allowing Plaintiff to file the proposed amended complaint would be futile as to Count V, but not as to the rest of the Complaint, the Court **GRANTS in part and DENIES in part** the Motion for Leave to Amend Complaint [DE 20]. Plaintiff shall have up to and including **April 2, 2018**, within which to **FILE** her Amended Complaint without Count V.

Plaintiff is **REMINDED** of the need to comply with Court-ordered deadlines and the applicable Federal and Local Rules governing conduct in this case.

SO ORDERED this 23rd day of March, 2018.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:     All counsel of record