UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANNETTE WILSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-360-RL-JEM |
| | ) | |
| MERRILLVILLE COMMUNITY | ) | |
| SCHOOL CORPORATION, | ) | |
|     Defendant. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendant's Motion for Partial Judgment on the Pleadings [DE 12], filed November 17, 2017, and re-filed as Defendant's Motion for Partial Judgment on the Pleadings with Respect to Amended Complaint [DE 30] on April 12, 2018.

On March 23, 2018, District Judge Rudy Lozano entered an Order [DE 26] referring the instant Motion for Partial Judgment on the Pleadings to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motions for Judgment on the Pleadings.

**I.**     **Background**

On August 8, 2017, Plaintiff filed her initial Complaint, including claims for employment discrimination pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, and the Age Discrimination in Employment Act arising out of her employment with Defendant Merrillville Community School Corporation at Miller Elementary School. On November 17, 2017, Defendant filed a motion for partial judgment on the pleadings. Plaintiff did not file a response, but on January 9, 2018, filed a motion to amend her complaint. On March 23, 2018, the Court granted

that motion in part and set a briefing schedule on the issue remaining in the instant Motion for Judgment on the Pleadings. Plaintiff filed her Amended Complaint on March 30, 2018, and Defendant re-filed the Motion on April 12, 2018. Per the Court's scheduling order, Plaintiff filed a response on April 12, 2018, and on April 17, 2018, Defendant filed a reply.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

Federal Rule of Civil Procedure 12(d) requires that a motion for judgment on the pleadings pursuant to Rule 12(c) must be treated as a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d), *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The decision whether to convert a motion to dismiss into a motion for summary judgment is left to the discretion

2

of the court. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 at 323 (1986); Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. However, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-11 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

**III.    Analysis**

Defendant argues that Plaintiff's Count IV for constructive discharge is insufficient as a matter of law because Plaintiff failed to comply with the notice requirements of the Indiana Tort Claims Act (ITCA), Ind. Code § 34-13-3-1 *et seq*. The ITCA bars claims against a political subdivision, including a school corporation, unless a notice is filed with "(1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8(a); *Meury v. Eagle-Union Cmty. Sch. Corp.*, 714 N.E.2d 233, 241 (Ind. Ct. App. 1999) ("Claims against school corporations and their employees are subject to the Indiana Tort Claims Act (ITCA) notice of claims provisions.") (listing cases). The notice must inform the municipality of the person's intent to make a claim and contain information sufficient to reasonably afford the political subdivision an opportunity to promptly investigate, determine liability, and prepare a defense to the claim. *Irwin Mortgage Corp. v. Marion Cnty Treasurer*, 827 N.E.2d 34, 36 (Ind. Ct. App. 2005). Plaintiff's claim for constructive discharge sounds in tort, *see, e.g., Harris v. Brewer*, 49 N.E.3d 632, 640 (Ind. Ct. App. 2015), so she was required to comply with the ITCA notice requirements. Defendant raised the question of whether Plaintiff complied with the ITCA, so the burden shifts to Plaintiff to demonstrate that she has complied or that her non-compliance is excusable. *See, e.g., Weaver v. Elkhart Cmty. Sch. Corp.*, – N.E. 3d –, No. 20A03-1707-PL-1702, 2018 WL 844943, at *3 (Ind. Ct. App. Feb. 14, 2018).

Although Plaintiff did not refer to a tort claim notice in her Amended Complaint or any previous briefing, she attached a documented titled "Notice of Tort Claim Pursuant to I.C. 34-13-3-10" and dated September 6, 2017, as an exhibit to her response brief, and argues that she has complied with the ITCA. In its reply, Defendant argues that this Notice was untimely, so judgment is appropriate. Because Plaintiff attached an exhibit to her response, the Court may either exclude

4

the document or convert the motion to a motion for summary judgment. Fed. R. Civ. P. 12(d), *see also D.D. ex rel. R.D. v. Gary Cmty. Sch. Corp.*, No. 2:09 CV 78 JM, 2009 WL 3241592, at *4–5 (N.D. Ind. Sept. 28, 2009) ("Having reviewed the evidence and the arguments, the Court recommends that the District Court convert the 12(b)(6) Motion to Dismiss into a motion for summary judgment on the basis that the documents submitted appear to demonstrate that Plaintiffs served timely notice on the [defendant]."). In this case, because the exhibit is integral to determination of the single question that is the subject of the instant Motion and because the parties have had "a reasonable opportunity to present all the material that is pertinent to the motion," *see* Fed. R. Civ. P. 12(d), the Court recommends that the District Court convert the Motion for Judgment on the Pleadings to a motion for summary judgment but not require any additional briefing.

The Tort Claim Notice provided by Plaintiff was dated September 6, 2017, and purports to provide notice to Defendant and the Indiana Attorney General of Plaintiff's claim for constructive discharge due to age, disability, in retaliation for filing a worker's compensation claim, and for denial of benefits under the Family Medical Leave Act. Defendant argues that this Notice is insufficient because it was not filed within 180 days of Plaintiff's loss.

Plaintiff argues that there is a question of fact of when or whether Plaintiff was terminated from her employment with Defendant at Miller Elementary School. Her Complaint alleges that she was summoned to a meeting at Miller on September 6, 2016, her first day back at work after a previous job-related injury, but fainted during the meeting. She took sick leave until December 16, 2016, when she was called in for another meeting at Miller, and at the meeting informed Defendant's representative that she had not been released to return to work by her doctor at that time. Plaintiff alleges that Defendant has not allowed her to return to work and has not provided wages to her since September 16, 2016, but that Defendant never advised Plaintiff of her employment status in person

5

or in writing. In Count IV, Plaintiff alleges that Defendant's policy is to send the discharged employee a letter when they have been terminated and the Board of Trustees has approved the termination. She argues that she has never received a letter of termination and that she did not receive her personnel file from Defendant until September 2, 2017. Plaintiff argues that the date of receipt of her personnel file was the day she became aware that the loss of her job occurred and therefore her Notice, filed a few days later, was timely.

It appears that Plaintiff is arguing that Defendant fraudulently concealed the fact or timing of her termination. She asserts that she believed it to be Defendant's policy to provide written notice of termination, but that she did not receive any written notice, and did not receive her personnel file until September 2, 2017. Under Indiana law, "[f]raudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim." *Snyder v. Town of Yorktown*, 20 N.E.3d 545, 551 (Ind. Ct. App. 2014) (quotations omitted). In situations where there is fraudulent concealment, "equity will toll the commencement of the applicable time limitation until such time as the plaintiff discovers, or in the exercise of ordinary diligence should discover, the existence of the cause of action." *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014).

Defendant argues that Plaintiff knew of her termination long before September 2, 2017, making her Notice untimely. Defendant points to Plaintiff's Charge of Discrimination, filed by Plaintiff with the EEOC on January 12, 2017, in which Plaintiff reports that she "was given a paper to sign saying if [she] could not return [to work] by December 19, 2016 [she] would be discharged." Defendant argues that even if there was some question in Plaintiff's mind as to whether she had been terminated on December 19, 2016, her employment was terminated by the School Board in a public

6

meeting on January 9, 2017, and she herself asserted on January 12, 2017, that she knew she faced discharge when she did not return to work. Whether or not Plaintiff had actual knowledge that her employment had been terminated, she had reason to believe that she may have been discharged after failing to return to work on December 19, 2016, and the exercise of reasonable diligence would have led her to discovery of her pubic termination on January 9, 2017. She certainly did or reasonably should have been aware of her termination by January 12, 2017, when she represented to the EEOC that she had a cause of action for employment discrimination. Accordingly, her Notice was filed well outside of the 180 day time period for filing and was untimely.

Plaintiff also argues that even if the Notice itself was untimely, the Court "could determine" that she substantially complied with the notice requirements before the time expired, although she does not identify any grounds on which the Court could make that determination. A notice may be found to "substantially comply" with the notice requirement when it "informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonably affords the municipality an opportunity to promptly investigate the claim." *Collier v. Prater*, 544 N.E.2d 497, 499 (Ind. 1989); *see also Town of Knightstown v. Wainscott*, 70 N.E.3d 450, 456 (Ind. Ct. App. 2017). However, if the "plaintiff, within the 180 day period, fails to file any notice of an intent to make a claim, actual knowledge of the occurrence on the part of the city, even when coupled with an investigation of the occurrence, will not suffice to prove substantial compliance." *Id.* (citing *Geyer v. City of Logansport,* 370 N.E.2d 333 (1977)). In this case, Plaintiff did not include any reference to her attempt to give notice in her Complaint or her motion to amend her complaint, nor does her briefing on this Motion indicate any activity on her part (other than the untimely Notice discussed above) that could be found to give the municipality notice of her intent to make a claim and an opportunity to investigate it. "[C]ompliance with the notice provisions of the ITCA is a

7

condition precedent to filing a tort suit against a qualifying political subdivision," and now that Defendant has "raise[d] the failure to comply with the ITCA, 'the burden shifts to the plaintiff to prove compliance.'" *Weaver*, 2018 WL 844943, at *3 (quoting *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999)). Raising the specter of possibility that some un-identified action Plaintiff may have taken might have been sufficient to put Defendant on notice of her claims within 180 days of her termination is not enough, and "Indiana courts have consistently held that the failure to comply with the ITCA's notice requirements requires dismissal." *Id.* (citing *Orem v. Ivy Tech State College*, 711 N.E.2d 864, 870 (Ind. Ct. App. 1999)). Accordingly, Plaintiff's tort claim cannot survive.

## IV.    Conclusion

For the foregoing reasons, the Court hereby **RECOMMENDS that the District Court GRANT** Defendant's Motion for Partial Judgment on the Pleadings [DE 12], re-filed as Defendant's Motion for Partial Judgment on the Pleadings with Respect to Amended Complaint [DE 30] and **ENTER JUDGMENT** in Defendant's favor on Plaintiff's Count IV, her claim for constructive discharge.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th

Cir. 1988).

SO ORDERED this 8th day of May, 2018.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record

9